UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NIMBUS DATA SYSTEMS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MODUS LLC and DOES 1-10,<br><br>Defendants. | Case No. 14-cv-04192 NC<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 1 |

On September 17, 2014, defendant Modus LLC removed this action to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Dkt. No. 1 ¶ 1. However, the removal notice does not contain sufficient allegations to establish the citizenship of all relevant parties for diversity purposes. The federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If at any time [after removal and] before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The notice of removal here does not adequately allege the citizenship of defendant. The notice states that "Modus is, and at all relevant times was, a limited liability company duly organized and existing under the laws of the State of South Carolina, with its principal place of business in Washington, DC." Dkt. No. 1 ¶ 14.

The diversity statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Unlike a corporation, however, a limited liability company is treated for purposes of diversity as a citizen of every state of which its owners/members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Moreover, if any member of an LLC is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each "sub-member" as well. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010). The removal notice here fails to allege the citizenship of the members, and any sub-members, of Modus.

By October 3, 2014, Modus must show cause in writing why the removal is proper by addressing the Court's concerns identified above. If Modus does not establish that removal was proper, the Court will remand this action to state court and may order other relief as justice requires.

Additionally, by the same deadline the parties must consent or decline the jurisdiction of a magistrate judge. See attached consent/declination form.

IT IS SO ORDERED.

Date: September 22, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 14-cv-04192 NC
ORDER TO SHOW CAUSE                    2